# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *    *
EDWARD ANTHONY,                            *
                                           *    No. 14-680
              Petitioner,                  *    Special Master Christian J. Moran
                                           *
v.                                         *    Filed: January 11, 2017
                                           *
SECRETARY OF HEALTH                        *    Attorneys' fees and costs;
AND HUMAN SERVICES,                        *    interim fees after final decision;
                                           *    reconsideration.
              Respondent.                  *
* * * * * * * * * * * * * * * * * * * *    *
```

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne, WY, for Petitioner;
<u>Gordon Shemin</u>, U.S. Dep't of Justice, Washington, DC, for Respondent.

## **PUBLISHED RULING DENYING MOTIONS**[1]

Petitioner Edward Anthony filed a motion on May 18, 2016, requesting final attorneys' fees and costs in the amount of $50,905.47. Mr. Anthony was instead awarded $35,767.35, roughly 70 percent of the amount requested. Decision, dated December 15, 2016.

Mr. Anthony has now filed two motions. First, he requests that the $35,767.35 already awarded be characterized as awarded on an interim basis.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Second, he requests reconsideration. For the reasons that follow, both motions are DENIED.

## Background

After receiving compensation, Mr. Anthony filed a motion for attorneys' fees and costs. A primary thrust was a request that Mr. Anthony's attorney, Richard Gage, be paid at rates prevailing in the forum, not rates prevailing where Mr. Gage actually works.

The Secretary disagreed with the amount requested. The Secretary specifically challenged the request for forum rates. Resp't's Resp., filed June 6, 2016, at 3-4.

Mr. Anthony did not file a reply.

The December 15, 2016 decision awarded Mr. Anthony attorneys' fees and costs. With respect to attorneys' fees, the decision found Mr. Gage was not entitled to forum rates. As part of this process, the decision found a reasonable rate for an attorney with Mr. Gage's skill and experience in Cheyenne, Wyoming in 2013 was $260 per hour. This finding was based, in part, on information from other cases from Wyoming and publicly available information about attorneys' earnings in Wyoming. The decision also made findings for a reasonable hourly rate for an associate attorney and paralegals. The decision also reduced the requested number of hours by ten percent. Overall, a reasonable amount for attorneys' fees was determined to be $23,409.14. Mr. Anthony was also awarded all costs.

As mentioned, Mr. Anthony makes two challenges. He filed a motion requesting that the award be deemed an interim award. Pet'r's Mot. for Interim Fees, filed Jan. 3, 2017. He also filed a lengthier motion for reconsideration. This motion does not directly challenge the determination that Mr. Gage should not be compensated at forum rates. Instead, the reconsideration motion argues that the hourly rates for Cheyenne were not in the interest of justice. Pet'r's Mot. for Reconsideration, filed Jan. 5, 2017.

Both motions are ready for adjudication.

Motion for an Award of Attorneys' Fees and Costs on an Interim Basis

In Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1351-52 (2008), the Federal Circuit indicated that in some cases, a Vaccine Program petitioner may receive attorneys' fees on an interim basis.  The decision whether to award fees on an interim basis is a matter of discretion for special masters.  Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (2010).

To guide special masters in their exercise of discretion, Avera identified several factors.  These are commonly known as "Avera factors," and they include protracted proceedings, costly experts, and undue hardships.

The procedural history and outcome of Avera itself are instructive in resolving Mr. Anthony's recently filed motion for an award of attorneys' fees and costs on an interim basis.  In Avera, the petitioners received an initial award of attorneys' fees and costs from the special master in the amount of $12,073.77. Avera v. Sec'y of Health & Human Servs., No. 04-1385V, 2006 WL 5618158 (Fed. Cl. Spec. Mstr. Aug. 29, 2006).  The petitioners then filed a motion to vacate in which they argued that their attorney should be compensated at a higher rate and that "they were entitled to an award of interim fees pending appeal."  Avera, 515 F.3d at 1346.  The special master denied this motion.  As part of a motion for review, the petitioners sought "an interim payment of fees while they are pursuing a greater recovery on appeal."  Avera v. Sec'y of Health & Human Servs., 75 Fed. Cl. 400, 405 (2007).  Holding that the Vaccine Act did not allow interim awards, the Court declined this request.

The Federal Circuit interpreted the Vaccine Act differently, stating that interim awards are consistent with the Vaccine Act.[2]  However, the Federal Circuit actually affirmed "the judgment (but not the reasoning) of the Court of Federal Claims that held that the petitioner was not entitled to an award of interim fees." Avera, 515 F.3d at 1352.  The Federal Circuit reasoned that the Averas "only sought interim fees pending appeal, and made no showing that would justify an award of interim fees during that pendency."  Id.

---

[2] This statement has been characterized as dicta.  Franklin v. Sec'y of Health & Human Servs., No. 99-855V, 2009 WL 2524492, at *9 n.17 (Fed. Cl. Spec. Mstr. July 28, 2009).  However, it has become accepted as a statement of law in the Vaccine Program.

3

Mr. Anthony stands roughly in the same place as the Averas. He is requesting an interim award only to foster an appeal for more fees. While there is some logic to the request, the likely implications are daunting. If this disappointed fee applicant could transform a final decision on attorneys' fees and costs into an interim decision and challenge the formerly final fee decision, could every other disappointed fee litigant do the same?

Some cases could present an issue that holds significance to the entire Vaccine Program. In those rare cases, an interim award to foster appellate review could be appropriate. However, the present fee application contains nothing legally significant. The primary issue is the rate for Mr. Gage, an issue that the Federal Circuit has already considered, albeit a few years ago. While the outcome of this issue holds importance to Mr. Gage, it is not likely to affect Vaccine Program jurisprudence.

Routine cases, like the present case, should be processed according to routine procedures. The normal practice is for one motion for attorneys' fees to lead to one judgment. The Clerk's Office staff acts on each judgment. Officials in the Executive Branch – either in the Department of Justice or in the Department of Health and Human Services – contribute to paying each judgment. The limited government resources in this time of budget tightening mean that fewer people are available to execute the necessary steps. Multiplying the number of judgments necessarily increases the amount of work. Further, as discussed more below, the number of cases in the Vaccine Program is increasing dramatically. This expansion means more petitioners and more attorneys representing those injured people are waiting. To allow Mr. Anthony to return to the queue for a second decision on attorneys' fees is simply unfair to other litigants. See Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed Cir. 2008) (recognizing the trial court's discretion to manage its docket).

Because Mr. Anthony has requested an interim award to promote a motion for review and possible appeal, a denial of his request for an interim award could be seen as an attempt to thwart the filing of a motion for review. This perception is not correct. See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 733 (2012) (denying motion for review and rejecting argument that the special master reduced attorneys' fees to punish the petitioner's attorney for appealing an entitlement decision). Mr. Anthony is not being given an interim award because, in the undersigned's discretion, Mr. Anthony has not established that he fits the circumstances the Federal Circuit indicated in Avera would merit such an award.

4

Mr. Anthony, of course, maintains his right to file a motion for review. (For that matter, the Secretary also could file a motion for review.) The fact that any motion for review and any subsequent appeal would delay Mr. Anthony's receipt of the $35,767.35 awarded on December 15, 2016 is simply a consequence of normal litigation. See Friedman, 94 Fed. Cl. at 334 (noting "The Court has no authority to split its judgments into two parts, one of which Petitioner can further appeal and one of which it can accept for immediate payment").

For these reasons, the motion for an award of attorneys' fees and costs on an interim basis is DENIED.

## Motion for Reconsideration

In addition to the request for an interim award, Mr. Anthony filed a motion for reconsideration. Because he fails to meet the standards for reconsideration, this motion is DENIED.

Vaccine Rule 10(e) affords parties in the Vaccine Program the opportunity to seek reconsideration. The movant must establish that reconsideration is warranted "in the interest of justice." Vaccine Rule 10(e)(3); see also Krakow v. Sec'y of Health & Human Servs., No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Nov. 12, 2010).

The alleged injustice for which Mr. Anthony seeks reconsideration is a decrease in the amount awarded in attorneys' fees.[3] For attorneys' fees, the amount requested at forum rates was $38,547.26. However, this figure is inflated because it assumes Mr. Gage is entitled to be paid like an attorney from Washington DC. This assumption was highly suspect because special masters and the Federal Circuit have rejected this argument.

Mr. Anthony was actually awarded $23,409.14 in attorneys' fees, which is slightly more than 60 percent of the amount requested. The absolute deduction in fees is $15,138.12.[4]

---

[3] The Dec. 15, 2016 decision awarded all the costs requested.

[4] If Mr. Anthony had requested that Mr. Gage be compensated at a local rate, a request consistent with Federal Circuit precedent, then the difference between the requested and the amount awarded would decrease significantly.

5

In his motion for reconsideration, Mr. Anthony seems not to be pressing for forum rates. Instead, he focuses on an argument that the local rates should have been higher. Pet'r's Mot. for Recons. at 1.[5]

In support of increased local rates, Mr. Anthony makes three arguments. He argues that the information he submitted to support Mr. Gage's local rate should have been persuasive. Next, the information that was the basis for decision should not have been. Finally, Mr. Anthony submitted additional information.

Taken individually or collectively, none of these arguments fit the circumstances justifying reconsideration. The first two points boil down to an argument about the right value of information. Although Mr. Anthony may not like how the information was weighed, this disagreement does not create a manifest injustice warranting a second decision on fees. Mr. Anthony's remaining argument, which is based on presenting new evidence, likewise is not persuasive. "The request for fees must be complete when submitted." Duncan v. Sec'y of Health & Human Servs., 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. Aug. 4, 2008). Motions for reconsideration are not intended to serve as vehicles for the submission of evidence that could have been presented earlier. See Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (interpreting Rule 59(a)(1) of the Court of Federal Claims); Golden Bridge Technology, Inc. v. Apple, Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014) (following Third Circuit law); Cedillo v. Sec'y of Health & Human Servs., 617 F.3d 1328, 1348 (Fed. Cir. 2010). The undersigned considered all evidence presented in the initial filing. Further, Mr. Anthony knew that the Secretary challenged some aspect of the fee application from her response. Nevertheless, Mr. Anthony did not file a reply, leaving unresolved questions.

Mr. Anthony seems to challenge that the method by which the undersigned answered the question of a reasonable hourly rate for attorneys and paralegals in Cheyenne, Wyoming. Conceivably, the undersigned could have followed a path – when the undersigned finds information relating to attorneys' fees (primarily cases), the undersigned must alert the parties, seek input from both parties, and upon receipt of any newly presented arguments and evidence, only then consider

---

[5] As stated in the text, Mr. Anthony is primarily focused on raising the local rate for Mr. Gage. If Mr. Gage's local rate were increased, then the difference between the local rate and the forum rate would decrease. Under this circumstance, Mr. Anthony argues that Mr. Gage would qualify for forum rates. See Pet'r's Mot. for Recons. at 6.

6

the found information. Certainly, this procedure would give the parties more process.

But, is this process truly due and necessary? The Supreme Court has admonished that disputes over attorneys' fees should not turn into a second major litigation. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Would a special master be required to alert the parties whenever the special master was intending to rely upon or follow any legal authority? To take one example: in Mr. Anthony's motion for interim fees, he did not cite Avera which is the relevant Federal Circuit precedent. Should he be asked to submit another brief to address Avera?

The Supreme Court has further instructed that the purpose of awarding attorneys' fees is to accomplish "rough justice, not to achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838 (2011). Even in light of Mr. Anthony's three arguments, the December 15, 2016 Fee Decision produced a result that was roughly just. An in-depth assessment of Mr. Anthony's new arguments and new material could increase the hourly rate for Mr. Gage, his associate Mr. Lujan, and the firm's paralegals. But, any such increase would not make the initial award unreasonable. Because reasonableness suggests a range of outcomes – not one discrete answer – a lower figure can be just as reasonable as a higher figure.

The December 15, 2016 fee decision may carry only limited precedential effect. The outcome of Mr. Anthony's case does not bind any special master. Hanlon v. Sec'y of Health & Human Servs., 40 Fed. Cl. 625, 630 (1998), aff'd on nonrelevant ground, 191 F.3d 1344 (Fed. Cir. 1999). In another case in which Mr. Gage represents petitioners, those petitioners may argue for a different result.

The standard for adjudication for the May 18, 2016 motion was reasonableness. See 42 U.S.C. § 300aa–15(e). The motion for reconsideration, in turn, requires a finding that a different outcome is required "in the interest of justice." Vaccine Rule 10(e). Neither Mr. Anthony's additional evidence nor his arguments are persuasive in showing that the December 15, 2016 decision was so unreasonable that modification is needed to prevent an injustice. Thus, the motion for reconsideration is denied for those reasons alone.

While the foregoing analysis is the basis for denying the motion for reconsideration, Mr. Anthony's request for reconsideration may also be considered in the context of the workload facing special masters. Several special masters have commented upon the burgeoning docket in the Vaccine Program. E.g., D'Tiole v. Sec'y of Health & Human Servs., No. 15-085V, 2016 WL 7664475, at *28 (Fed.

Cl. Spec. Mstr. Nov. 28, 2016), mot. for rev. filed (Dec. 28, 2016); Kanefield v. Sec'y of Health & Human Servs., No. 08-122V, 2016 WL 4729531, at *4 (Fed. Cl. Spec. Mstr. Aug. 8, 2016); Hooker v. Sec'y of Health & Human Servs., No. 02-472V, 2016 WL 3456435, at *22 (Fed. Cl. Spec. Mstr. May 19, 2016). These cases suggest that in matters of discretion, special masters may consider whether to devote more resources or less resources to a particular case.

Due, in part, to the Secretary's lack of participation in fee litigation, see Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016), special masters are confronting more and more disputed fee applications, such as Mr. Anthony's May 8, 2016 motion. Meaningful evaluation of fee disputes consumes scarce judicial resources. Directing more resources to Mr. Anthony's fee application would penalize the numerous other litigants whose cases, motions, and issues are not receiving attention. This is a secondary reason for denying the motion for reconsideration.

The December 15, 2016 decision awarding attorneys' fees and costs approved most (but not all) of the request. The partial denial was reasonable, and Mr. Anthony has not demonstrated any injustice that flows from the reduced award. Consequently, the motion for reconsideration is denied.

## Conclusion

Mr. Anthony has not demonstrated that the December 15, 2016 decision should be modified. His motion for an interim award is DENIED. His motion for reconsideration is also DENIED.

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master